{¶ 15}   I also object to the majority's limitation upon the constraints of *Cicco v. Stockmaster,* 89 Ohio St.3d 95, 728 N.E.2d 1066, in a constitutional challenge of a statute.   For the reasons set forth in my concurring opinion in *George Shima Buick v. Ferencak,* 91 Ohio St.3d at 1212, 741 N.E.2d 138, I do not believe that *Cicco* should be limited to formal declaratory judgment actions.   No matter what the circumstances, whenever the constitutionality of a state statute is challenged, I believe the court is being asked to enter a declaratory judgment.   A majority of this court is now, in a case involving the alleged unauthorized practice of law, declaring unconstitutional portions of two statutes that affect all landlords in Ohio without giving proper notice or an opportunity for interested persons to be heard.   Our state statutes are entitled to a strong presumption of constitutionality.   *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200.   Despite this principle, and without any debate, this court has struck down the statutes at issue.

{¶ 16}   I believe that today's opinion will result in needless additional expense and burden upon landlords and others enumerated in R.C. 1923.01(C)(2) and R.C. 5321.01(B).   Landlords must now retain the services of an attorney in all forcible entry and detainer cases.   I do not believe that it is necessary nor is it what the General Assembly intended.   Instead I see the court continuing its trend toward monopolizing the legal business in areas where a layperson is qualified as well as statutorily authorized to proceed.   I respectfully dissent.

---

Michael  P.  Harvey  Co.,  L.P.A.,  and  Michael  P.  Harvey;   and  Robert  H. Gillespy, for relator.

Spiros E. Gonakis, for respondent.

THE STATE EX REL. HOWARD, APPELLANT, *v.* OHIO BUREAU
OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Howard v. Ohio Bur. of Workers'
Comp.,* 96 Ohio St.3d 199, 2002-Ohio-3956.]

(No. 2002–0011—Submitted April 9, 2002—Decided August 21, 2002.)

{¶ 1} The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

Gregory T. Howard, pro se.

Eastman & Smith Ltd., Thomas A. Nixon and Margaret M. Sturgeon, for appellee Seaway Foodtown, Inc.

Betty D. Montgomery, Attorney General, and Thomas L. Reitz, Assistant Attorney General, for appellees Industrial Commission and Bureau of Workers' Compensation.

THE STATE EX REL. HOWARD, APPELLANT, *v.* OHIO BUREAU
OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Howard v. Ohio Bur. of Workers'
Comp.,* 96 Ohio St.3d 200, 2002-Ohio-4097.]

(No. 2002–0012—Submitted April 9, 2002—Decided August 21, 2002.)

{¶ 1} The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

Gregory T. Howard, pro se.